IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BELVIN McGEE | ) | CASE NO. 1:26CV01755 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| HAROLD MAY, WARDEN | ) | ORDER OF TRANSFER |
| | ) | |
| Respondent. | ) | |
| | ) | |

On July 27, 2026, *pro se* petitioner Belvin McGee filed this habeas corpus action under 28 U.S.C. § 2254. McGee is incarcerated in an Ohio penal institution. In December 1999, after initially proceeding to trial on numerous sex offenses against five child victims under the age of thirteen—all of whom were his biological children—McGee pled guilty to one count of attempted rape, two counts of rape, and two counts of gross sexual imposition;, the remaining charges against him were dismissed. McGee stipulated to his classification as a sexually violent predator (SVP) and was sentenced to life imprisonment.

McGee appealed his convictions and sentences and the Eight District Ohio Court of Appeals affirmed the trial court in November 2001. The Ohio Supreme Court dismissed McGee's appeal from the court of appeals' ruling in April 2002. In the following years, McGee filed numerous post-conviction motions attempting to withdraw his guilty pleas, most of which were unsuccessful. However, in November 2006, McGee filed a motion for "correction of invalid pleas and sentences"; this motion was initially denied by the trial court, but the court of appeals found the original trial court that accepted McGee's pleas failed to inform him of the terms of his post-release control at his sentencing. Accordingly, the court of appeals vacated McGee's sentences and remanded the case for resentencing. In May 2008, a trial court resentenced McGee to his original sentence, this time providing notice of his post-release conditions. Again, the court of appeals affirmed the trial court and the Ohio Supreme Court declined jurisdiction. In September 2009, McGee filed an application to reopen his direct appeal based on ineffective assistance of counsel; the court of appeals denied the application. McGee subsequently filed two more unsuccessful post-conviction motions relating to his resentencing.

In June 2012, McGee filed his first federal habeas petition, asserting two grounds for relief: (1) his underlying plea agreement was void; and (2) his sentences were void for lack of statutory authority. Respondent moved to dismiss the petition based on the one-year statute of limitations, and this Court ultimately agreed. Even taking into account McGee's post-conviction motions, which tolled the statute of limitations, this Court found the deadline for filing his habeas petition was July 19, 2011, making McGee's June 2012 petition untimely. This Court further found McGee was not entitled to equitable tolling because his failure to meet the statute of limitations did not arise from circumstances beyond his control and he failed to present an actual innocence claim supported by new evidence.

In the instant petition, McGee asserts: 1) he is actually innocent; (2) his guilty pleas violate the ex-post facto clause; and (3) the trial court lacked jurisdiction. The crux of McGee's claims is that the application of the SVP statute in his case was unconstitutional because in the version of the statute in place at the time of his crimes, an SVP specification required a prior sex offense conviction that was separate from the current charged offense, and McGee had no such prior conviction. McGee concedes that a 2005 amendment to the SVP statute clarifies that a prior conviction is no longer required, but maintains that because this version of the statute was not yet enacted at the time of his crimes, his pleas and sentences violate the ex-post facto clause. Additionally, McGee argues the statute of limitations does not bar his claims because he is making an actual innocence claim and, in light of this "new evidence" regarding the SVP statute, no reasonable juror would have found him guilty beyond a reasonable doubt. McGee asks for immediate release.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Before a second or successive petition for a writ of habeas corpus can be filed in the District Court, the petitioner must move in the appropriate Circuit Court of Appeals for an order authorizing the District Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The District Court does not have jurisdiction to entertain a successive Petition for a Writ of Habeas Corpus in the absence of an order from the Court of Appeals authorizing the filing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). When a second or successive petition is filed in this Court without § 2244(b)(3) authorization, this Court must transfer the petition to the Sixth Circuit Court of Appeals. *Id*.

McGee failed to seek leave from the Sixth Circuit Court of Appeals to file a successive petition with this Court. Accordingly, this Petition is transferred to the United States Sixth Circuit Court of Appeals for permission for this Court to proceed with a successive Petition. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.

August 26, 2026
Date

*/s/ John R. Adams*
Judge John R. Adams
United States District Court